[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 4, 2011
JOHN LEY
CLERK

No. 08-16057
Non-Argument Calendar

_____

D. C. Docket No. 07-00250-CR-J-25-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD RICHARD MILLER,
a.k.a. Mamasbabydonna,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 4, 2011)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Donald Richard Miller appeals his convictions after a jury trial of two counts of transporting or shipping material involving sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(1), and two counts of receiving material involving sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(2). Miller argues that: (1) the evidence adduced at trial did not prove beyond a reasonable doubt that he knowingly received child pornography; and (2) the district court abused its discretion by allowing into evidence all eleven images of child pornography that were charged in the indictment, sometimes more than once, despite Miller's stipulation that the pictures were child pornography. After careful review, we affirm.

"We review a district court's denial of a motion for judgment of acquittal based on sufficiency of the evidence de novo." United States v. Smith, 459 F.3d 1276, 1286 (11th Cir. 2006). We review "a district court's evidentiary rulings for a clear abuse of discretion." United States v. Dodds, 347 F.3d 893, 897 (11th Cir. 2003).

First, we reject Miller's argument that the evidence adduced at trial did not prove beyond a reasonable doubt that he knowingly received child pornography. "In determining whether the government produced sufficient evidence, we must review the evidence in the light most favorable to the government and draw all

reasonable factual inferences in favor of the jury's verdict. We need only determine that a reasonable fact-finder could have determined that the evidence proved the defendant's guilt beyond a reasonable doubt." Smith, 459 F.3d at 1286 (citation and quotations omitted). "We cannot disturb the verdict unless no trier of fact could have found guilt beyond a reasonable doubt." United States v. Lee, 603 F.3d 904, 912 (11th Cir.) (quotation omitted), cert. denied, 131 S. Ct. 437 (2010). Circumstantial evidence may be used to establish an element of a crime, even if the jury could make other reasonable inferences from the circumstantial evidence, and "[i]n judging the sufficiency of the evidence, the standard applied is the same whether the evidence is direct or circumstantial." United States v. Hersh, 297 F.3d 1233, 1254 n.31 (11th Cir. 2002) (citing United States v. Utter, 97 F.3d 509, 512 (11th Cir. 1996)). We have also said,

> where some corroborative evidence of guilt exists for the charged offense . . . and the defendant takes the stand in his own defense, the defendant's testimony, denying guilt, may establish, by itself, elements of the offense. This rule applies with special force where the elements to be proved for a conviction include highly subjective elements: for example, the defendant's intent or knowledge . . . .

United States v. Brown, 53 F.3d 312, 314-15 (11th Cir. 1995).

In relevant part, 18 U.S.C. § 2252 provides:

(a) Any person who --

    . . .

3

(2) knowingly receives, or distributes, any visual depiction . . . that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution . . . in or affecting interstate or foreign commerce or through the mails, if --

    (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

    (B) such visual depiction is of such conduct;

. . .

shall be punished as provided in subsection (b) of this section.

18 U.S.C. § 2252. The term "knowingly" in § 2252 applies to the receipt of the materials, to the "sexually explicit nature of the material and to the age of the performers." United States v. X-Citement Video, Inc., 513 U.S. 64, 73, 78 (1994). See Lee, 603 F.3d at 918-19 (holding that knowing receipt requires a belief that the materials received contain child pornography). "We have long held that the term 'knowingly' means that the act was performed voluntarily and intentionally, and not because of a mistake or accident." United States v. Woodruff, 296 F.3d 1041, 1047 (11th Cir. 2002).

Viewing the evidence in the light most favorable to the government, there was sufficient evidence, though largely circumstantial, in support of Miller's convictions for the knowing receipt of child pornography through his computer.

4

Indeed, there was direct evidence of Miller's knowing possession and distribution of child pornography. Among other things, Miller admitted that he visited chat rooms for fantasy, that he lived alone and was the only person with access to his computer, and that if there was child pornography on his computer, it would be related to a fantasy. Miller also said that he did receive these types of pictures, but he had been trying to "get rid of them off of his computer." "Numerous" images of child pornography were found on Miller's home computer, and two compact discs containing child pornography were found in Miller's home, despite Miller's statement to the agents that the only images were on his computer. Even though many of Miller's images were of adult pornography, he told the agents that he knew he had pictures of child pornography. This evidence of actual receipt, and knowing possession and distribution, created a reasonable inference that Miller voluntarily and intentionally received the images on his computer knowing that they were images of child pornography.

Together with this corroborative circumstantial evidence, Miller's own testimony -- that he "inadvertently" downloaded the pictures to discs, he was trying to get the pictures off of his computer, and several women had lived with him the year before because they needed a place to stay -- could be disbelieved by the jury and used as substantive evidence of knowing receipt. See Brown, 53 F.3d

at 314-15. In light of this evidence, and the reasonable inferences resulting from this evidence, sufficient evidence supported Miller's convictions for the knowing receipt of child pornography.[1]

We are also unpersuaded by Miller's claim that the district court abused its discretion by allowing into evidence eleven images of child pornography. Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Except as otherwise specified, "[a]ll relevant evidence is admissible" at trial. Fed.R.Evid. 402. Rule 403 of the Federal Rules of Evidence provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue

---

[1] Contrary to Miller's arguments in his reply brief, the ultimate technical acquittal on the possession charge did not impact the presentation of unchallenged, relevant, circumstantial evidence to the jury which could reasonably support the inference of knowing receipt. Further, as will be discussed later, the district court's sentencing finding as to the number of pictures involved does not negate the relevant evidence as to the large amount of child pornography on Miller's equipment. The lurid titles of the pictures that Miller either received or sent are relevant to the receipt charge because several of the titles indicated that child pornography was attached, and this evidence also supports the inference that the receipt of these pictures was not inadvertent. Finally, reasonable inferences of knowledge from circumstantial evidence can provide sufficient evidence to support a conviction, see Smith, 459 F.3d at 1287, and as discussed above, there was corroborative evidence of his knowing receipt such that the jury could disbelieve his testimony and, in fact, believe the opposite. See Brown, 53 F.3d at 314-15.

delay, waste of time, or needless presentation of cumulative evidence."

Fed.R.Evid. 403. But we have cautioned that Rule 403

> is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility. We have also said that in reviewing issues under Rule 403, we look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact.

United States v. Alfaro-Moncada, 607 F.3d 720, 734 (11th Cir. 2010) (citation and quotations omitted), petition for cert. filed, (U.S. Nov. 30, 2010) (No. 10-7813). See Dodds, 347 F.3d at 897-99 (affirming under Rule 403 the admission of 66 out of 3,400 images of child pornography when the images had multiple probative uses).

Generally, "the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, . . . a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." Old Chief v. United States, 519 U.S. 172, 186-87 (1997). "However, limits do exist regarding the quality and quantity of evidence that may be introduced. Rule 403 demands a balancing approach between the degrees of probative value that a piece of evidence has and its prejudicial effect." Dodds, 347 F.3d at 897. Despite this balancing requirement, "the prosecutor's choice will generally survive a Rule 403 analysis when a defendant seeks to force the

7

substitution of an admission for evidence creating a coherent narrative of his thoughts and actions in perpetrating the offense for which he is being tried." Old Chief, 519 U.S. at 192. See Alfaro-Moncada, 607 F.3d at 734 (affirming under Rule 403 the admission of five out of 4,650 images of child pornography because the evidence served a valid purpose even though the defendant had stipulated that the pictures were child pornography).

Based on our precedent involving similar facts, the district court here did not abuse its discretion in determining that the probative value of the eleven images outweighed any potential unfair prejudice resulting from their admission. See Dodds, 347 F.3d at 897-99; Alfaro-Moncada, 607 F.3d at 734. For starters, the admittedly relevant evidence of the eleven pictures was, first of all, not extrinsic to the crime, but was "part of the actual pornography possessed." Dodds, 347 F.3d at 898. It also had a high probative value, despite Miller's stipulation. The content of the pictures, which verified the accuracy of many of the lurid file names, tended to show knowledge of possession and inferred intent to collect child pornography. Thus, because of the probative uses of the evidence, the stipulation was not effective to prevent the government's choice of the evidence used in its prosecution of the case. See Alfaro-Moncada, 607 F.3d at 734.

8

Prejudice from the evidence was further mitigated because only a subset of the total images possessed by Miller -- eleven out of more than 100 pictures -- was introduced to the jury. Also, the court's sentencing finding regarding the number of pictures was made only for sentencing purposes, and does not control this evidentiary issue relating to prejudice. Cf. United States v. Barnette, 10 F.3d 1553, 1556-57 (11th Cir. 1994) (rejecting a defendant's attempt to equate a sentencing judge's order of restitution with a determination of damages that was to be determined in a civil trial). Additionally, a review of the record reveals that the court properly allowed two of the pictures to each be shown twice -- once to prove that they were found on another's computer in Michigan and again to show that the same pictures were found on Miller's computer in Florida. Thus, Miller's contention that unfair prejudice resulted from the repeated introduction of the pictures is unavailing.

Moreover, contrary to Miller's contentions, at voir dire, the district court did describe to the prospective jurors the nature of the charges and cautioned them about the importance of impartiality due to the involvement of child pornography. The court verified that none of the jurors felt that their impartiality would be compromised due to the subject matter of the case. The jurors would reasonably have expected some evidence of the crime charged to be admitted at trial. Further,

9

the jurors' finding that Miller was not guilty of two of the charges does not lend support to the contention that the prejudicial effect of the pictures that were introduced outweighed their probative value. In short, the district court did not abuse its discretion by admitting each of the pictures charged in the indictment.

**AFFIRMED.**